RECORD NO. 21-4350

*In The*

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## ERIC RICH, a/k/a E-Dog, a/k/a E-Dub, a/k/a Greg,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE

―――――――――

## BRIEF OF APPELLANT

―――――――――

**Richard S. Stolker**
**UPTOWN LAW, LLC**
**2275 Research Boulevard, Suite 500**
**Rockville, Maryland 20850**
**(301) 294-9500**

*Counsel for Appellant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. ii

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF ISSUES PRESENTED .............................................. 1

STATEMENT OF THE CASE ............................................................ 2

SUMMARY OF ARGUMENT ........................................................... 3

STANDARD OF REVIEW ................................................................ 5

ARGUMENT ................................................................................. 6

    I.    U.S.S.G § 4A1.1(e) Does not Apply to Appellant's 2012 Baltimore City Conviction Because Maryland's First Degree Assault Statute Is Not a "Crime of Violence" as Defined by U.S.S.G. § 4B1.2 ....................................................... 6

    II.    U.S.S.G § 4A1.1(e) Does not Apply to Appellant's Conviction in Baltimore City Circuit Court no. 111136009 Because that Charge Was Part of the Same Event and Course of Conduct as the Companion Conviction in no. 111136010 ................................... 14

    III.    The District Court's Inaccurate Calculation of the Applicable Sentencing Guideline Range Was Not Harmless as it Resulted in an Improperly Enhanced Sentence ...................................................... 19

CONCLUSION .............................................................................. 21

REQUEST FOR ORAL ARGUMENT ................................................. 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Commonwealth v. Mitchell,
    516 S.W.3d 803 (Ky. 2017)............................................................11

Drayton v. United States,
    476 F. Supp. 3d 298 (D. S.C. 2020) ..........................................6, 18

Gall v. United States,
    552 U.S. 38 (2007)......................................................................20

Garza v. State,
    269 S.W.3d 300 (Tex. App. 2008) ..............................................11

Johnson v. United States,
    559 U.S. 133 (2010)....................................................................11

Lamb v. State,
    93 Md. App. 422, 613 A.2d 402 (1992) ......................................12

Molina-Martinez v. United States,
    136 S. Ct. 1338 (2016)................................................................19

Nicolas v. State,
    426 Md. 385, 44 A.3d 396 (2012) ...................................11, 12, 13

People v. Stewart,
    55 P.3d 107 (Colo. 2002)............................................................11

State v. Jones,
    353 N.C. 159, 538 S.E.2d 917 (2000) ........................................13

State v. Miranda,
    260 Conn. 93, 794 A.2d 506 (2002)............................................11

State v. Steinhardt,
   375 Wis.2d 712, 896 N.W.2d 700 (2017) ...................................................... 11

United States v. Allred,
   942 F.3d 641 (4th Cir. 2019) ................................................................... 7, 11

United States v. Barcenas-Yanez,
   826 F.3d 752 (4th Cir. 2016) ............................................................................ 7

United States v. Battle,
   927 F.3d 160 (4th Cir. 2019) ................................................................... 7, 12

United States v. Baxter,
   642 F.3d 475 (4th Cir. 2011) ............................................................................ 6

United States v. Bolton,
   858 F.3d 905 (4th Cir. 2017) ............................................................................ 5

United States v. Cabrera-Umanzor,
   726 F.3d 347 (4th Cir. 2013) ............................................................................ 7

United States v. Carthorne,
   878 F.3d 458 (4th Cir. 2017) .................................................................... 5, 20

United States v. Diaz-Ibarra,
   522 F.3d 343 (4th Cir. 2008) ............................................................................ 8

United States v. Doctor,
   958 F.3d 226 (4th Cir. 2020) ............................................................................ 6

United States v. Llamas,
   599 F.3d 381 (4th Cir. 2010) ............................................................................ 5

United States v. McCoy,
   804 F.3d 349 (4th Cir. 2015) ............................................................................ 5

United States v. Middleton,
   883 F.3d 485 (4th Cir. 2018) .................................................................... 7, 8

United States v. Mills,
    917 F.3d 324 (4th Cir. 2019) ........................................................................13

United States v. Moulden,
    478 F.3d 652 (4th Cir. 2007) ........................................................................20

United States v. Simmons,
    917 F.3d 312 (4th Cir. 2019) ..........................................................................6

United States v. Smith,
    882 F.3d 460 (4th Cir.),
    *cert. denied*, 138 S. Ct. 2692 (2018)............................................................5

United States v. Thompson,
    595 F.3d 544 (4th Cir. 2010) ........................................................................20

United States v. Torres-Miguel,
    701 F.3d 166 (4th Cir. 2012) ...............................................................5, 8, 13

United States v. Winbush,
    922 F.3d 227 (4th Cir. 2019) ........................................................................20

United States v. Winston,
    850 F.3d 677 (4th Cir. 2017) ..........................................................................8

Watts v. State,
    457 Md. 419, 179 A.3d 929 (2018) ...............................................................9

Wooden v. United States,
    No. 20-5279 (U.S.S. Ct. October 4, 2021) ...................................................17

## STATUTES

18 U.S.C. § 922(g) ...............................................................................................6

18 U.S.C. § 924 ........................................................................................6, 16, 17

18 U.S.C. § 3231 ...................................................................................................1

18 U.S.C. § 3553(a) .............................................................................................20

18 U.S.C. § 3559(c)(1)(A) ........................................................18

21 U.S.C. § 841(a) ....................................................................2

21 U.S.C. § 846 .........................................................................2

21 U.S.C. § 853(l) ......................................................................1

28 U.S.C. § 1291 ........................................................................1

28 U.S.C. § 1294(l) .....................................................................1

28 U.S.C. § 2255 ........................................................................5

Md. Code Crim. L. § 3-201(b) ..................................................11

Md. Code Crim. L. § 3-202 ...................................9, 12, 10, 18

Md. Code Crim. L. § 3-203 ...............................................9, 10

Md. Code Crim. L. § 4-101(c)(2) ..............................................18

Md. Code Crim. L. § 14-101(21) ...............................................12

N.C. Gen. Stat. § 14-32(b) .......................................................13

Texas Penal Code § 22.01(a)(1).................................................7

Texas Penal Code § 22.02(a)(2).................................................7

**GUIDELINES**

U.S.S.G. § 2D1.1.......................................................................4

U.S.S.G. § 3E1.1.......................................................................4

U.S.S.G. § 4A1.................................................................*passim*

U.S.S.G. § 4B1.................................................................*passim*

## JURISDICTIONAL STATEMENT

Jurisdiction for this appeal arises from a final Judgment in a Criminal Case entered in the United States District Court for the District of Maryland on October 16, 2020 (J.A. I:25).  The District Court had jurisdiction over those proceedings pursuant to 18 U.S.C. § 3231 and 21 U.S.C. § 853(l).

An appeal from the District Court judgments was filed on July 21, 2021 (J.A. I:31).  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1294(l).

## STATEMENT OF ISSUES PRESENTED

1.    Whether appellant's sentence was improperly enhanced because the sentencing court erred in concluding that a predicate state court conviction for first degree assault was a "crime of violence" under U.S.S.G. §§ 4A1.1(e) and 4B1.2.

2.    Whether appellant's sentence was improperly enhanced because the sentencing court erred in double counting state court convictions that were the same event and course of conduct, rather than discrete offenses.

3.    Whether the sentence calculation errors of the court below were prejudicial to appellant and were not harmless.

## STATEMENT OF THE CASE

On January 24, 2019 appellant and eight other individuals were charged with participating in a drug conspiracy in the District of Maryland.  On May 2, 2019 a superseding indictment (J.A. I:10) charged appellant and the same eight codefendants with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (Count Eight).  Pursuant to a written plea agreement, appellant pled guilty to Count Eight and accepted the government's proffer that he had conspired to distribute and possess with intent to distribute more than 28 but less than 112 grams of cocaine base (J.A. II:84-85).  He was sentenced before Judge Catherine C. Blake to a term of imprisonment for 78 months; a penalty assessment of $100.00 was waived (J.A. I:25).

Prior to sentencing, appellant objected to the presentence report (PSR) calculation of his criminal history (J.A. II:52).  Specifically, appellant contended that one criminal history point should not have been assessed under U.S. Sentencing Guideline § 4A1.2(a)(2) in connection with appellant's 2012 convictions in Baltimore City Circuit Court case no. 111136010 and 111136009 (J.A. II:108-109, paragraphs 39-40), as the two convictions were not separable, discrete acts, but were part of the same event and course of conduct.

2

The assessment of the additional criminal history point placed appellant in offender category V, instead of category IV where he should have been placed had the two convictions not been double counted so as to add an additional point. As the court below observed, in category IV the guideline sentence range would have been 57 to 71 months, whereas in category V the guideline range was 70 to 87 months. Appellant was sentenced in the approximate midpoint of the latter range.

Appellant also contended below that U.S.S.G. § 4A1.1(e) was inapplicable to appellant's state court conviction for first degree assault as that offense does not qualify as a "crime of violence" under the force clause of U.S.S.G. § 4B1.2.

After reviewing appellant's objections to the criminal history calculation and hearing brief arguments from the parties at sentencing, the court below adopted the government's requests to treat the assault conviction as a crime of violence and to consider the two state court cases as separate events, thereby placing appellant in offender category V.

## SUMMARY OF ARGUMENT

In the federal courts the starting point for imposing an appropriate sentence for a criminal offender is the United States Sentencing Guidelines (U.S.S.G.). Appellant contends that the court below improperly calculated the guideline sentencing range on account of the erroneous inclusion of certain prior offenses in

3

his criminal history, as crimes of violence; and that appellant was prejudiced by being sentenced above what should have been the correct guideline range.

According to the plea agreement and presentence investigation report ("PSR", J.A. II:98), the base offense level in appellant's case was 24, because the offense involved at least 28 grams but less than 112 grams of crack cocaine, pursuant to 18 U.S.S.G. § 2D1.1(a)(5) and (c)(8).  In light of Mr. Rich's acceptance of responsibility and timely notification of his intention to plead guilty pursuant to U.S.S.G. § 3E1.1(a) and (b), the Government recommended a three level downward adjustment.  As a result, the total adjusted offense level applicable in this case was 21.

While appellant did not object to the calculation of the instant offense as Level 21 (J.A. II:145-147), he did object to the calculation of a criminal history score of 10 (J.A. II:92, 124).  With a criminal history of 10, the U.S.S.G. sentencing table calculation yielded a presumptive range of 70 to 87 months incarceration.  Appellant actually was sentenced to 78 months imprisonment.

There are two reasons why the criminal history calculation was incorrect.  One of the predicate offenses – appellant's 2012 Baltimore conviction for assault, false imprisonment and possessing a firearm – was not a crime of violence as defined by the sentencing guidelines.  Even if the predicate convictions were crimes of violence,

paragraphs 39 and 40 of the PSR effectively double-counted the same offenses, erroneously placing appellant in offender category V rather than category IV.

## STANDARD OF REVIEW

In reviewing whether a sentencing court has correctly applied the sentencing guidelines, this court review factual findings for clear error and legal conclusions de novo. United States v. Torres-Miguel, 701 F.3d 166, 167 (4th Cir. 2012), quoting United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Where the sentence imposed is "inside, just outside, or significantly outside the Guidelines range," it is reviewed for abuse of discretion. United States v. Bolton, 858 F.3d 905, 911 (4th Cir. 2017); United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015). In the case at bar, we submit that the issue "involves a purely legal question of interpretation of the Guidelines." In this case, appellant's sentence is subject to de novo review. Torres-Miguel, supra, 701 F.3d at 167.[1]

---

[1]     Similarly, de novo review is the standard for reviewing a district court's legal conclusions in a denial of relief under 28 U.S.C. § 2255. United States v. Carthorne, 878 F.3d 458, 464 (4th Cir. 2017), including determining whether a prior conviction qualifies as a "violent felony" under the Armed Career Criminal Act (ACCA), United States v. Smith, 882 F.3d 460, 462 (4th Cir.), cert. denied, 138 S.Ct. 2692 (2018).

## ARGUMENT

I.     **U.S.S.G § 4A1.1(e) Does not Apply to Appellant's 2012 Baltimore City Conviction Because Maryland's First Degree Assault Statute Is Not a "Crime of Violence" as Defined by U.S.S.G. § 4B1.2.**

This Circuit applies the "categorical approach" in determining whether a predicate offense qualifies as a violent crime for sentencing purposes. <u>United States v. Baxter</u>, 642 F.3d 475, 476 (4th Cir. 2011). The categorical approach considers only the elements of an offense, not the defendant's actual conduct for which he was convicted in a prior offense. <u>United States v. Doctor</u>, 958 F.3d 226, 238 (4th Cir. 2020). "[I]f the offense can be committed without satisfying the definition of crime of violence, then it is overbroad and not a categorical match." <u>United States v. Simmons</u>, 917 F.3d 312, 316-317 (4th Cir. 2019).

In an analogous context,[2] this Court has held that the force clause of the ACCA[3] requires the "intentional causation of death or injury," <u>United States v.</u>

---

[2]     A "crime of violence" as defined under the force clause of U.S.S.G. § 4B1.2(a)(1) is identical to the force clause under the ACCA. In pertinent part, 18 U.S.C. § 924(e)(2)(B)(i) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ."

[3]     A defendant is subject to a 15 year mandatory minimum sentence under the ACCA where he or she is convicted of violating 18 U.S.C. § 922(g) and has three previous convictions that constitute either 'violent felonies' or 'serious drug offenses.' 18 U.S.C. § 924(e). <u>Drayton v. United States</u>, 476 F.Supp.3d 298 (D. S.C. 2020)

Allred, 942 F.3d 641, 654 (4th Cir. 2019), quoting from United States v. Battle, 927 F.3d 160, 166 (4th Cir. 2019).  In Allred this Court observed that United States v. Middleton, 883 F.3d 485 (4th Cir. 2018) "stands for the proposition that unintentionally causing physical force to harm someone is not necessarily a use of violent physical force against the person of another," Allred, id., 942 F.3d at 654.

In ACCA cases, this Court has consistently held that the force clause requires the intentional use of violent physical force against the person of another.  For example, this Court held that South Carolina's involuntary manslaughter statute can be violated without the physical force required under the ACCA's force clause. United States v. Middleton, 883 F.3d 485 (4th Cir. 2018).  In United States v. Barcenas-Yanez, 826 F.3d 752 (4th Cir. 2016), the Court considered a sentence enhancement occasioned by a prior "crime of violence," namely, the defendant's conviction for aggravated assault under Texas Penal Code §§ 22.01(a)(1) and 22.02(a)(2).  A conviction under those statutes required proof of "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" by using or exhibiting a deadly weapon, id. at 754.  This Court reiterated that in considering the impact of a predicate conviction upon sentencing, the court "must look exclusively to 'the elements of the prior offense rather than the conduct underlying the' particular conviction."  Id., 826 F.3d at 756, quoting United States v. Cabrera-Umanzor, 726 F.3d 347, 350 (4th Cir. 2013).

Where the predicate conviction is a state crime, a sentencing court must utilize the interpretation of that office as articulated by the state's courts. United States v. Winston, 850 F.3d 677, 684 (4th Cir. 2017); United States v. Middleton, supra, 883 at 487. Thus, to determine whether a prior state conviction constitutes a predicate crime of violence, the court need "look only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" United States v. Torres-Miguel, supra, 701 F.3d at 167, quoting United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008).

Pursuant to U.S.S.G. § 4A1.1(e),[4] paragraph 40 of the final presentence report (J.A. II:109-110, 119) recommended adding three points to appellant's criminal history based upon his 2012 Baltimore City convictions for first degree assault. This was incorrect, since appellant's 2012 state conviction for first degree assault was not a "crime of violence" as defined by U.S.S.G. § 4B1.2.[5] An additional point was assessed under paragraph 39 of the PSR based upon the same 2012 Baltimore City

---

[4]    § 4A1.1(e) provides: "Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection."

[5]    In pertinent part § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another" (or is among other listed felonies that are not applicable in this case).

convictions, albeit with a different case number (as we discuss in Part II, infra). In sum, the PSR erroneously placed appellant in offender category V instead of offender category IV. The error was significant, since the guideline sentencing range for category IV is 57 to 71 months, while the range for category V is 70 to 87 months. Appellant received a sentence at the approximate midpoint of category V.

Appellant's 2012 conviction for first degree assault in the Circuit Court for Baltimore City did not qualify as a crime of violence as defined by U.S.S.G. § 4B1.2 since a conviction for that offense did not necessarily involve the intentional use of violent physical force.

The elements of the common law crime of assault were codified in the present-day Maryland Code. Watts v. State, 457 Md. 419, 436, 179 A.3d 929, 939 (2018). Second degree assault is punishable as a misdemeanor; Anno. Code of Maryland, Crim. L. § 3-203(b). Under Crim. L. § 3-202(b), an offense may constitute assault in the first degree. punishable by up to 25 years imprisonment, upon proof of any of three enhancements. -- first, by intentionally causing or attempting to cause serious physical injury to another; second, by using a firearm; and third, by intentionally

strangling another.[6]  "Physical injury" is defined as "any impairment of physical

condition, excluding minor injuries."  Crim. L. § 3-203(c)(1).  Accordingly, assault

under Maryland law may be committed without the use of violent force, that is,

---

[6]        Md. Code Crim. Law § 3-202 provides as follows:

**§ 3-202. Assault in the first degree**
    (a)    In this section, "strangling " means impeding the normal breathing or blood circulation of another person by applying pressure to the other person's throat or neck.

    (b)

        (1)    A person may not intentionally cause or attempt to cause serious physical injury to another.

        (2)    A person may not commit an assault with a firearm, including:

            (i)    a handgun, antique firearm, rifle, shotgun, short-barreled shotgun, or short-barreled rifle, as those terms are defined in [sect] 4-201 of this article;

            (ii)    an assault pistol, as defined in [sect] 4-301 of this article;

            (iii)    a machine gun, as defined in [sect] 4-401 of this article; and

            (iv)    a regulated firearm, as defined in [sect] 5-101 of the Public Safety Article.

        (3)    A person may not commit an assault by intentionally strangling another.

    (c)    A person who violates this section is guilty of the felony of assault in the first degree and on conviction is subject to imprisonment not exceeding 25 years.

without "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010), quoted in United States v. Allred, supra, 942 F.3d at 652.[7]

The Court of Appeals of Maryland considered what elements must be satisfied to sustain a conviction for second degree or "simple" assault in Nicolas v. State, 426 Md. 385, 44 A.3d 396, 406 (2012). The Court began its analysis by observing that, while codified as § 3-201(b) of the Criminal Law Article of the Annotated Code of Maryland, the crime of assault has retained its common law definition of assault and battery, such that a person may be convicted of that offense for committing either a common law assault or a common law battery. The Court held (id., 426 Md. at 403-404, 44 A.3d at 406-407):

> Under Maryland common law, an assault of the battery variety is committed by causing offensive physical conduct with another person. In the present case, the trial judge, in accordance with the Maryland Criminal Pattern Jury Instructions (MPJI–Cr), instructed the jury in this case that to find Petitioner guilty of assault, the State must prove that: (1) the defendant caused offensive physical contact with, or harm to, the victim; (2) the contact was the result of an intentional or reckless act of the defendant and was not accidental; and (3) the contact was not consented to by the victim or was not legally justified.

---

[7]    Many other states also allow convictions for assault where the defendant acted recklessly or without intent to injure. *See, e.g.,* Commonwealth v. Mitchell, 516 S.W.3d 803 (Ky. 2017); Garza v. State, 269 S.W.3d 300 (Tex. App. 2008); People v. Stewart, 55 P.3d 107 (Colo. 2002); State v. Miranda, 260 Conn. 93, 794 A.2d 506 (2002); State v. Steinhardt, 375 Wis.2d 712, 896 N.W.2d 700 (2017).

See also, <u>Lamb v. State</u>, 93 Md. App. 422, 613 A.2d 402 (1992) ("'[A]ssault' may connote any of three distinct ideas: 1, A consummated battery or the combination of a consummated battery and its antecedent assault; 2, An attempted battery; and 3, A placing of a victim in reasonable apprehension of an imminent battery").   As discussed above, the simple assault can be escalated to first degree assault where one of three enhancements exist.   Since under at least one of those enhancements (Crim. L. § 3-202(b)(2)), there is no *mens rea* element, under the "most innocent" application of Maryland's first degree assault statute, it does not qualify as a crime of violence for federal sentencing purposes.

While Maryland law provides for certain mandatory sentences for crimes of violence, including assault in the first degree (Md. Code Crim. L. § 14-101(21)), that statute does not necessarily render first degree assault a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1).   This Court's decision in <u>United States v. Battle</u>, <u>supra,</u> is instructive.

In <u>Battle</u> this Court rejected Battle's contention that a Maryland assault with intent to murder can be committed without the use of violent force, because Battle was unable to "point to any Maryland AWIM case to support the notion that AWIM may be committed by an act of mere omission," <u>id</u>. at 167.  By contrast, concerning assault, the Maryland Court of Appeals concluded in <u>Nicolas v. State</u>, <u>supra</u>, that "assault of the battery variety is committed by causing offensive physical contact

with another person" such that "the contact was the result of an intentional <u>or</u> <u>reckless act</u> of the defendant and was not accidental," 426 A.2d at 407. Therefore, even though first degree assault may be deemed a crime of violence under the state sentence enhancement statute, it does not follow that it must be deemed so under the federal sentencing guidelines, since this Court looks to the "most innocent conduct" criminalized under the statue, <u>United States v. Torres-Miguel</u>, <u>supra</u>, 701 F.3d at 167.

Likewise, in <u>United States v. Mills</u>, 917 F.3d 324 (4th Cir. 2019), this Court expressed doubt as to whether a predicate assault conviction should have been treated as a crime of violence, since under the relevant state law (N.C. Gen. Stat. § 14-32(b)) a person may be convicted of assault with a deadly weapon "provided there is either an *actual intent* to inflict injury or *culpable or criminal negligence* from which such intent may be implied," <u>id</u>. at 328-329,[8] quoting <u>State v. Jones</u>, 353 N.C. 159, 538 S.E.2d 917, 923 (2000) (emphasis in original).

In the circumstances, the three points included in appellant's criminal history score in paragraph 40 of the PSR, and adopted by the sentencing court, should not have been a part of appellant's offender score. The sentencing guideline range was

---

[8]      On facts not relevant to the case at bar, since the calculation error was harmless, Mills's sentence was affirmed (<u>id</u>. at 330).

incorrectly calculated. The court below erred in imposing a sentence of 78 months in the instant case.

**II.    U.S.S.G § 4A1.1(e) Does not Apply to Appellant's Conviction in Baltimore City Circuit Court no. 111136009 Because that Charge Was Part of the Same Event and Course of Conduct as the Companion Conviction in no. 111136010.**

Paragraph 39 of the PSR assessed an additional criminal history point pursuant to U.S.S.G. § 4A1.1(e).[9] The point was assessed on account of appellant's Baltimore City Circuit Court conviction and sentence in case no. 111136010. However, that case was identical to the conviction and sentence in case no. 111136009 referenced in paragraph 40 of the PSR, for which three points were assessed (erroneously, in our view, as set forth in the preceding section). Both cases concerned the same statement of charges, the same event and the same conduct.

Where a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) applies. That provision provides, in pertinent part, as follows:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted

---

[9]        That provision is as follows:

(e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. *See also* § 4A1.1(e).

For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are treated as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

Commentary 3(A) to that provision states in relevant part:

In some cases, multiple prior sentences are treated as a single sentence for purposes of calculating the criminal history score under § 4A1.1(a), (b), and (c). . . . [B]ecause predicate offenses may be used only if they are counted "separately" from each other (*see* §4B1.2(c)), no more than one prior sentence in a given single sentence may be used as a predicate offense.

For example, a defendant's criminal history includes one robbery conviction and one theft conviction. The sentences for these offenses were imposed on the same day, eight years ago, and are treated as a single sentence under § 4A1.2(a)(2). If the defendant received a one-year sentence of imprisonment for the robbery and a two-year sentence of imprisonment for the theft, to be served concurrently, a total of 3 points is added under § 4A1.1(a). Because this particular robbery met the definition of a felony crime of violence and independently would have received 2 criminal history points under § 4A1.1(b), it may serve as a predicate under the career offender guideline.

In appellant's 2012 predicate Maryland case, he was given concurrent sentences for the three related offenses for which he had been convicted. As stated in the Commentary above, only the most serious of those sentences is counted in determining the criminal history.

The certified copies of the convictions in the above Maryland cases, as well as the court's docket summary, indicate that both cases involved the same charges, the same events, and the same victims. The Statement of Charges filed in each of the two cases was identical (J.A. 1:32, 52).

While the predicate convictions in paragraphs 39 and 40 of the PSR concern two different case numbers, as defense counsel pointed out below, it is the practice in Baltimore City to break out multiple charges arising out of the same incident, into separate charging documents and separate cases. The prosecutor – a former Baltimore City Assistant State's Attorney – confirmed that such is the practice in Baltimore (J.A. II:149). However, such cases are routinely handled as a single course of conduct, treating the charges in each case the same as to court dates, plea offer, guilty plea and sentencing.

In the case of appellant's 2012 Baltimore convictions, there was no intervening event between the offenses specified in paragraphs 39 and 30 of the presentence report. Those convictions should not be counted separately, since they are merely separate charges arising out of the same incident, and since sentence was imposed in both cases at the same time.

Just as in the ACCA, 18 U.S.C. § 924, the sentencing guidelines provide a more severe sanction for those offenders who repeatedly commit violent crimes. Under the ACCA, in order to seek a mandatory minimum sentence for an offender

16

who has three or more predicate offenses, the government must establish that the defendant's prior offenses were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1). Offenses are committed on different "occasions" when they arise from distinct criminal opportunities, as by an offender who, having committed an offense, subsequently reoffends by committing yet another offense. The "occasions" element is not intended to be satisfied by a single criminal episode that results in multiple charges, as in the instant case.[10]

In appellant's predicate Maryland cases, the charges against him – false imprisonment, assault and the use of a deadly weapon – all constituted a single incident that generated multiple criminal charges. He pled guilty and was convicted and sentenced in a single package that encompassed the two referenced case numbers. That the practice in Baltimore is to separate single-incident offenses into multiple cases, does not render the charges criminal acts committed on discrete occasions. The identical statement of charges in each of the two cases indicates that appellant had asked two individuals to stash heroin for him in an apartment. Subsequently, upon discovering that a portion of the narcotics was missing from the stash, appellant took retribution by assaulting the two victims. This single incident

---

[10]    Whether a defendant's burglary spree – a single incident in which the defendant burglarized multiple units leased by different individuals in a ministorage facility – should be counted for sentencing purposes as a single offense or as multiple offenses, is the central issue currently pending before the United States Supreme Court in <u>Wooden v. United States</u>, No. 20-5279, argued October 4, 2021.

resulted in appellant's convictions for first degree assault, carrying a dangerous weapon with intent to injure, and false imprisonment.[11]

An example of how federal statutes treat multiple crimes arising out of a single event is the recidivism enhancement for a defendant who commits a "serious, violent felony" after having been convicted of two additional serious violent felonies "on separate prior occasions," 18 U.S.C. § 3559(c)(1)(A).  In applying those provisions, a single occasion includes all convictions arising from the same indictment and entered on the same day (*e.g.*, <u>Drayton v. United States</u>, 476 F.Supp. 3d 298, 303 (D. S.C. 2020).[12]

The Commentary to U.S.S.G. § 4B1.2 clarifies that "[p]ossessing a firearm during and in relation to a crime of violence or drug offense . . . is a 'crime of violence' or 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense during and in relation to which the firearm was carried or possessed) was a 'crime of violence' or 'controlled substance offense.'" Accordingly, since neither false imprisonment nor first degree assault are crimes of violence, the firearm possession charge likewise may not be counted as such.

---

[11]     Anno. Code of Md. Crim. L. §§ 3-202 and 4-101(c)(2).

[12]     "[T]he government . . . concedes that three . . . previous convictions do not qualify as predicate crimes" since they "'appear to have happened on the same day.'"  <u>Id.</u>

## III.  The District Court's Inaccurate Calculation of the Applicable Sentencing Guideline Range Was Not Harmless as it Resulted in an Improperly Enhanced Sentence.

After considering the pleadings and arguments of counsel, the District Court imposed a sentence of 78 months' incarceration.  In imposing sentence, the Court rejected appellant's argument for a below-guideline sentence, the court having determined that the guideline range was 70 to 87 months.  At the bench, the Court stated (J.A. II:171):

> [T]he seriousness of the offense, the recidivism history, showing me that there is a need to deter Mr. Rich and to protect the public, does not lead me to a below-guideline sentence. Again, the guidelines are not controlling. It's only one factor. And I would impose the same sentence that I am about to impose even if I'm wrong on the one point on that very serious past offense.

> But where I think, balancing everything I've just said -- the aggravating factors, the mitigating factors, the relative role in the conspiracy, and sentences given to other individuals -- I think in this case a sentence of six and a half years, which is 78 months in the custody of the Bureau of Prisons, is sufficient without being greater than necessary for Mr. Rich.

> I don't think I need to go to the high end, quite where the Government has recommended. But I do think this is serious and requires, as I've said, the 78 months that is being imposed on Count 8.

As we have shown in the preceding sections, the District Court improperly calculated the sentencing guidelines applicable in this case by inclusion of predicate convictions that did not qualify as such.  As the Supreme Court observed in <u>Molina-Martinez v. United States</u>, 136 S.Ct. 1338, 1345 (2016),  "[t]he Guidelines' central

19

role in sentencing means that an error related to the Guidelines can be particularly serious."

Where a District Court has incorrectly determined that a prior conviction was a crime of violence, such that the defendant's guidelines range would have been lower than the sentence actually imposed, that is sufficient to demonstrate prejudice, United States v. Carthorne, 878 F.3d 458, 469 (4th Cir. 2017), cited in United States v. Winbush, 922 F.3d 227, 231 (4th Cir. 2019).  In fashioning an appropriate sentence, a District Court "may not presume that the Guidelines range is reasonable," but "must make an individualized assessment based on the facts presented" by applying the relevant § 3553(a) factors to the circumstances of the case.  Gall v. United States, 552 U.S. 38, 50 (2007).

"A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, but it still must provide a statement of reasons for the sentence imposed."  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  Given that the sentence imposed was outside the guidelines range, as we contend, the court below should have provided a statement of reasons for the sentence imposed, as (in our view) the sentence amounted to an upward departure from the correct guideline range.  Thompson, supra, 595 F.3d at 547; United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

However, no statement of reasons other than a brief remark at the bench, was offered to justify what appellant contends was an over-the-guidelines sentence.

## CONCLUSION

For the foregoing reasons, appellant respectfully submits that his sentence should be vacated and the matter should be remanded to the court below for resentencing as a category IV offender.

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument in this case.

Respectfully submitted.

/s/ Richard S. Stolker
Richard S. Stolker
(Maryland Federal Bar No. 00259)
UPTOWN LAW, LLC
2275 Research Blvd., Suite 500
Rockville, Maryland  20850
(301) 294-9500
rstolker@stolker.com

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*5,061*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.      This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: October 18, 2021                          /s/ Richard S. Stolker
                                                                      *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 18th day of October, 2021, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Christine Oi Jyn Goo
> OFFICE OF THE U.S. ATTORNEY
> 36 South Charles Street, 4th Floor
> Baltimore, Maryland  21201
> (410) 209-4924
>
> *Counsel for Appellee*

I further certify that on this 18th day of October, 2021, I caused a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Richard S. Stolker
*Counsel for Appellant*